AO 91 (Rev. 5/85) Criminal Complaint

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fort Smith Division

OCT 0 5 2009

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK

| | |
|---|---|
| **United States of America** <br> v. <br> **JAMES HENRY WILSON, JR.** <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> )    Case No: 09 M 2039 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true and correct to the best of my knowledge and belief.

Beginning in or about 2002 and continuing through and including August 29, 2009, in Sebastian County, in the Western District of Arkansas, the defendant violated Title 18 United States Code Sections 2251(b) and (e), an offense described as follows:

**Production of sexually explicit images of a minor who is in the care, custody and control of the defendant through the use of materials that had traveled in interstate and foreign commerce,**

This complaint is based on these facts:

**See attached affidavit.**

☒ Continued on the attached sheet:

_____
Complainant's Signature

Timmy K. Akins    Special Agent FBI
Printed name and title

Sworn to before me and subscribed in my presence,

Date: 10/5/09

_____
Judge's Signature

City and State: Fort Smith, Arkansas

James R. Marschewski
*Printed Name and Title*

AFFIDAVIT OF TIM AKINS

I, Tim Akins, being duly sworn state:

1. Your Affiant is a Special Agent of the Federal Bureau of Investigation ("FBI") assigned to the Little Rock Division, Fort Smith Resident Agency. I have been a Special Agent with the FBI for the past 14 and ½ years. I am assigned to investigate violations of Title 18 of the United States Federal Code, including Title 18, United States Code, Section 2251, production of child pornography with materials that have traveled in interstate and foreign commerce.

2. This affidavit is made in support of a complaint charging JAMES HENRY WILSON, JR. ("WILSON") with being a person having custody or control of a minor and producing images of the minor engaging in sexually explicit conduct, as that term is defined in Title 18, United States Code, Section 2256, with materials that have traveled in interstate and foreign commerce, namely, removable memory cards and an LG cell phone, in violation of Title 18, United States Code, Sections 2251(b) and (e).

3. Your Affiant is familiar with the following facts based upon personal observation and information officially supplied by other law enforcement agents and witnesses. Due to the limited purpose of this affidavit, your Affiant has included only that evidence necessary to establish probable cause for the issuance of the requested complaint and warrant. Not every detail known to your Affiant regarding this investigation is included in this affidavit.

4. The federal investigation into WILSON's production of child pornography with materials that traveled in interstate and foreign commerce followed a report made to the Sebastian County Sheriff's Office ("SCSO") in Fort Smith, Arkansas, on September 4, 2009, that WILSON, a registered sex offender, sent images of a male masturbating to a 14-year-old female relative in Fort Smith, Arkansas, via WILSON's LG cell phone. As a result of that report, a state search warrant was authorized for the search of WILSON's LG cell phone.

5. On September 4, 2009, law enforcement officers with the Fort Smith Police Department and the SCSO executed a state search warrant for electronic

1

storage media at WILSON's residence in South Sebastian County in the Western District of Arkansas. WILSON's cell phone was taken into evidence as well as a Lexar memory card and a Sandisk memory card. WILSON told officers he knew what this was about and he could save them the trouble. WILSON advised Detective Jeff Taylor of the Fort Smith Police Department of the code to unlock WILSON's cell phone and how to access the pictures on the cell phone. Sgt. Donald Mongold of the SCSO observed photos of nude children on WILSON's cell phone. WILSON was then advised of his *Miranda* warning by Sgt. Steve Cox of the SCSO. WILSON signed and initialed the SCSO form, acknowledging he understood his rights. WILSON stated he knew his rights by heart. He was arrested by SCSO and stated he was too nervous to make a statement. According to Sgt. Mongold, no questions were asked of WILSON.

6. While SCSO and Fort Smith Police officers continued the search of WILSON's residence, WILSON voluntarily stated that he had a sickness and that by viewing the pictures from the internet, that kept him from doing it for real. Sgt. Mongold asked WILSON about a video found on WILSON's cell phone that depicted a minor male and a female engaged in sexual activity. WILSON stated the video of the minor male and the female, whom he said was approximately 20 years old, had been taken at WILSON's residence, which is located in the Western District of Arkansas.

7. Sgt. Adam Holland of the Fort Smith, Arkansas, Police Department conducted a preliminary examination of the contents of WILSON's LG cell phone. Sgt. Holland informed your Affiant on September 18, 2009, that WILSON's cell phone contained images of sexually explicit activity between a minor male, WILSON, and a female. Your Affiant reviewed portions of those images on September 18, 2009.

8. Based upon information received about the possible identity of the minor male depicted in the sexually explicit images, your Affiant interviewed John Doe #1, who was born in 1994, and John Doe #2, who was born in 1995. On September 21, 2009, Special Agent Jimmie Caudle of the FBI and your Affiant interviewed John Doe #1 and John Doe #2 at their schools. On September 21, 2009, John Doe #1 was 15 years old and John Doe #2 was 14 years old.

9. John Doe #1 told your Affiant that he has lived with WILSON since John Doe #1 was in about the sixth grade. John Doe #1 said that beginning about seven years ago, WILSON began having sex with John Doe #2 (who is one year younger than John Doe #1). John Doe #1 said WILSON would instruct John Doe #1 to video sexual activities between WILSON and John Doe #2 with WILSON's cellular telephone. John Doe #1 told your Affiant that WILSON taught John Doe #1 how to use WILSON's cell phone to take photographs and videos.

10. Your Affiant reviewed the contents of a video depicting WILSON and John Doe #2 engaging in oral and anal sex which appears to have been videotaped inside WILSON's residence in South Sebastian County in the Western District of Arkansas. Your Affiant went to WILSON's residence in South Sebastian County on September 18, 2009, and observed at that residence items that appeared to be depicted in the video of WILSON and John Doe #2 while engaged in sexual activity. The items seen in the video of WILSON and John Doe #2 engaged in sexual activity that were seen by your Affiant inside the residence on September 18, 2009, include a calendar hanging on the wall, a computer stand, a towel rack and a floor rug.

11. John Doe #2 told your Affiant on September 21, 2009, that WILSON began sexually abusing him when WILSON moved into his home. John Doe #2 stated WILSON began using a cellular telephone to video some of the sex acts WILSON engaged in with John Doe #2. John Doe #2 stated the last time WILSON sexually assaulted him was this summer (2009).

12. John Doe #2 told your Affiant that WILSON made him have sexual intercourse with a female named Jane Doe #1, who was brought to his house by WILSON. John Doe #2 stated Jane Doe #1 knew John Doe #2 was only 14 years old when WILSON made Jane Doe #1 have sex with him in the summer of 2009. John Doe #2 stated Jane Doe #1 was WILSON's girlfriend who lived in Oklahoma and WILSON would pick up Jane Doe #1 in Oklahoma and bring Jane Doe #1 to WILSON's house while WILSON's wife was at work. John Doe #2 stated that WILSON took pictures of John Doe #2 having sex with Jane Doe #1.

13. On September 21, 2009, your Affiant and Special Agent Caudle identified Jane Doe #1 and interviewed her. Jane Doe #1, a resident of Muldrow, Oklahoma, was born in 1988. She was 20 years old in August 2009. Jane Doe #1

told your Affiant that she met WILSON over the internet. She stated she later met WILSON in person and began having a sexual relationship with WILSON. Jane Doe #1 stated WILSON would pick her up at her home in Muldrow, Oklahoma, and drive her to his house in Arkansas. She stated she was taken to WILSON's residence at night when WILSON's wife was at work. Jane Doe #1 admitted to your Affiant that she had sexual intercourse with John Doe #1 at WILSON's residence on August 29, 2009. Jane Doe #1 stated she knew the date was August 29, 2009, because she had a gas receipt for fuel she paid for that was put in WILSON's vehicle on the same date WILSON picked up Jane Doe #1 in Oklahoma and drove her to his house in South Sebastian County where she had sex with John Doe #1 at WILSON's request. Jane Doe #1 told your Affiant she was not aware that WILSON took pictures or videos of her having sex with John Doe #1 or John Doe #2, but she was not surprised if WILSON had done that. She admitted she knew both boys were under the age of 18 when she had sex with them at WILSON's residence.

14.   Sgt. Adam Holland of the Fort Smith, Arkansas, Police Department, a certified forensic computer examiner, showed your Affiant images of a minor male, whom your Affiant later identified as John Doe #2, depicted in images contained on a Lexar memory card and a Sandisk memory card. These images depicted John Doe #2 performing oral sex on WILSON. Images recorded on both memory cards depicted other sexual activities between WILSON and John Doe #2. Your Affiant has reason to believe, based upon the investigation, that John Doe #2 was under the age of 18 when John Doe #2 was used by WILSON to produce these sexually explicit images contained on the Lexar and Sandisk memory cards. Your Affiant also has reason to believe, based upon the investigation, that these images were produced by WILSON at WILSON's residence, located in the Western District of Arkansas between 2002 and August 29, 2009.

15.   The Lexar memory card containing images of a minor male engaged in sexually explicit conduct is marked "Made in Korea." The Sandisk memory card containing images of a minor male engaged in sexually explicit conduct is marked "Made in China." The LG cellular telephone containing images of a minor male engaged in sexually explicit conduct is manufactured in Korea. Based on these markings and your Affiant's knowledge that there are no Lexar, Sandisk nor LG manufacturing plants in Arkansas, your Affiant has reason to believe the materials used by WILSON to produce images of John Doe #2, a minor, engaging

in sexually explicit activities were manufactured outside the state of Arkansas and therefore, had moved in interstate and foreign commerce in order to be used by WILSON to produce sexually explicit images of a minor male in the Western District of Arkansas.

16. Based on the foregoing, your Affiant has reason to believe that JAMES HENRY WILSON, JR., has violated Title 18, United States Code, Sections 2251(b) and (e) by using a minor male who is in the care, custody and control of WILSON to produce images of a minor male engaged in sexually explicit conduct, as that term is defined in Title 18, United States Code, Section 2256, with materials that have traveled in interstate and foreign commerce into the Western District of Arkansas.

_[signature]_ Special Agent FBI
Affiant's signature

Sworn to before me this 5th day of October, 2009.

_[signature]_ Marschewski
USMJ

5