IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  2:09CR20063-001 |
| v. | ) | |
| | ) | |
| JAMES HENRY WILSON | ) | |

## GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS

Comes now the United States of America, by and through the undersigned, and responds to Defendant's Motion to Suppress and Brief in Support (Doc. 30) filed June 14, 2010, and states:

Defendant is charged with three counts of producing child pornography using minors in defendant's custody and control, in violation of 18 U.S.C. § 2551(b) (Counts One through Three); transporting an individual in interstate commerce with intent that person engage in criminal sexual activity, in violation of 18 U.S.C. § 2421 (Count Four); transferring an obscene image in interstate commerce to an individual under the age of 16, in violation of 18 U.S.C. § 1470 (Count Five); and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Six). (Doc. 8).  Defendant asks this Court to suppress evidence seized upon execution of a search warrant at Defendant's residence in the Western District of Arkansas, Fort Smith Division, on September 4, 2009.  An evidentiary hearing is scheduled for July 7, 2010, and the trial commences July 14, 2010.

Defendant contends a search warrant approved by Sebastian County Circuit Judge Steve Tabor was not supported by probable cause.  Defendant argues the warrant was so lacking any

indicia of probable cause that the officers executing the warrant could not be said to be acting in good faith in reliance upon it. Defendant claims no exception to the good faith doctrine exists to cure the defective warrant.

The government believes sufficient probable cause supported the tribunal's decision to issue a search warrant. Should this Honorable Court determine probable cause was lacking, the evidence will demonstrate the officers performing the search acted in good faith in relying upon the warrant. Accordingly, the defendant's motion should be denied.

### *Sufficiency of the Evidence to Constitute Probable Cause*

"The Fourth Amendment requires a showing of probable cause before a search warrant may be issued." United States v. Ball, 499 F.3d 890, 895 (8th Cir. 2007). Probable cause to issue a search warrant is determined by the totality of the circumstances and exists when an affidavit in support of the warrant sets forth adequate facts to ascertain that there is a "fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause means "fair probability" and not certainty or even a preponderance of the evidence. Gates, 462 U.S. at 246. By definition, probable cause "deals with probabilities. These are . . . the factual and practical considerations of everyday life on which reasonable and prudent men . . . act." United States v. McCoy, 483 F.3d 862, 863 (8th Cir. 2007).

In this case, the affidavit in support of the search warrant set forth information that taken together established probable cause. That information included:

1. The reporting party's identification by first and last name (the name is redacted in this pleading in conformance with local rule):

2. The reporting party's age of minority (14 years old);

    3.     The reporting party's identification by first and last name of Wilson and his familial relationship to the reporting party. This established the reporting party had more than a fleeting acquaintance with Wilson;

    4.     The reporting party's report that Wilson solicited nude photographs from her, a minor; thus establishing a possible violation of Arkansas Code Annotated 5-27-304(2) (knowingly soliciting, receiving . . . any visual or print medium depicting a child participating or engaging in sexually explicit conduct);

    5.     The reporting party's report that Wilson sent images of his penis to her, a minor; thus establishing a possible violation of Arkansas Code Annotated 5-14-112 (Indecent Exposure);

    6.     The reporting party's report that Wilson stated he possessed a video of a specifically identified minor male engaging in sexual intercourse;

    7.     Law enforcement's corroboration of the age of the minor male Wilson stated was depicted in a video while that minor male engaged in sexual intercourse; and

    8.     Law enforcement's corroboration that Wilson's cellular telephone number he used to communicate with the reporting party was a phone number associated with Wilson's wife.

    Law enforcement officers are permitted to rely on information conveyed to them by the victim of a crime, unless there is some indication the information is unreliable. United States v. McKinney, 328 F.3d 993, 994 (8th Cir. 2003). Allegations of sexual abuse of a minor are considered part of the "totality of the circumstances" to determine whether probable cause was present. United States v. McCoy, 483 F.3d 862, 863 (8th Cir. 2007). Here, the minor reporting party would be considered a victim of a sexual offense because Wilson transmitted images of his

penis to her via his cell phone. *See*, 18 U.S.C. § 1470 (transferring obscene material to a person under the age of 16); Arkansas Code Annotated 5-14-112 (Indecent Exposure). The minor reporting party was a victim of Wilson's solicitation to send him sexually explicit images of herself.

In United States v. Wallace, 550 F.3d 729 (8th Cir. 2008), the Eighth Circuit held that probable cause was present in a search warrant affidavit where a young girl told the affiant the defendant asked her to lift up her shirt so that he could take a "dirty picture" of her. 550 F.3d 729, 733 (8th Cir. 2008). This statement by the defendant, combined with a subsequent photo taken of the same girl in a "revealing" shirt, could lead a prudent person to believe that criminal conduct was underway and there would be a fair probability that evidence of a crime would be found in the place to be searched. Wallace 550 F.3d at 733.

C.C., Wilson's 14-year-old niece, told officers she received a photo of a penis Wilson sent to her phone via text message. C.C. told police Wilson claimed he had a video depicting a minor male relative engaging in sexual intercourse with a female. Based on the statements made by C.C. to the police that were set forth in the affidavit, there was a fair probability that evidence relating to child pornography would be found in Wilson's residence. *See* United States v. Summage, 481 F.3d 1075, 1078 (8th Cir. 2007).

When a statement by a person to the police is the basis of issuing a warrant, "the core question in assessing probable cause is whether the information is reliable." United States v. Warford, 439 F.3d 836, 841 (8th Cir. 2006). Such information "may be considered reliable if it is corroborated by independent evidence." Warford, 439 F.3d at 841. Nothing indicated C.C. was unreliable or untrustworthy, affirming that her statements were a proper determination of probable cause for law enforcement officials. McKinney, 328 F.3d at 994.

The affidavit discloses Defendant's previous Arkansas conviction for Sexual Abuse in the First Degree. The victim of that crime was a child. The Eighth Circuit has held that a prior conviction in conjunction with other evidence is sufficient to establish probable cause. United States v. Biondich, 652 F.2d 743, 746 (8th Cir. 1981). *See also* United States v. Sumpter, 669 F.2d 1215, 1221 (8th Cir. 1982). In Biondich, evidence taken from the defendant's garbage in combination with information about two prior drug related offenses was enough to establish probable cause to issue a search warrant. 652 F.2d at 746. In the present case, the affidavit contained information about the defendant's prior conviction for sexual abuse involving a minor. This, along with the statements made by C.C., was enough to establish probable cause.

The affidavit indicated Wilson possessed a video of a minor male engaging in sexual intercourse. This information strongly suggests Wilson had the contraband image within his domicile. The affidavit stated persons involved in child pornography "rarely, if ever, dispose of sexually explicit material." (Affidavit, ¶ 5). The affidavit stated "individuals involved in child pornography almost always maintain the materials in a place they consider secure and where the materials are readily accessible." (Affidavit, ¶ 5). The Eighth Circuit has affirmed the notion that "images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes [which] is supported by common sense." United States v. McArthur, 573 F.3d 608, 613-614 (8th Cir. 2009). *See also* United States v. Riccardi, 405 F.3d 852, 861 (10th Cir. 2005). The probability that such evidence would be found is a consideration the court takes into account when deciding whether to issue a warrant. McArthur, 573 F.3d at 614.

*Good Faith Exception*

The information contained in the affidavit was sufficient to support a probable cause determination. Should this Honorable Court conclude otherwise, however, the evidence seized should not be suppressed because the officers acted in good faith in relying on the issuance of the search warrant. In United States v. Leon, 468 U.S. 897 (1984), the Supreme Court considered whether the Fourth Amendment exclusionary rule should be modified so as not to bar evidence obtained by officers acting in reasonable reliance on a search warrant issued by a neutral and detached magistrate, but ultimately found not to be supported by probable cause. The Leon Court ultimately ruled that, "suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. at 926. "Because the disputed evidence was seized pursuant to a warrant, it will not be excluded, even if a reviewing court determines that the supporting affidavit failed to establish probable cause, as long as the executing officers relied in objectively reasonable good faith upon the warrant." United States v. Vinson, 414 F.3d 924, 930 (8th Cir. 2005), quoting United States v. Leon, 468 U.S. 897, 922 (1984).

There are four situations where the good-faith exception to the warrant requirement does not apply. Those situations are (1) if the magistrate or judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate "wholly abandoned his judicial role" when issuing the warrant; (3) when the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is "facially

deficient – i.e., in failing to particularize the place to be searched or things to be seized – that the executing officers cannot reasonably presume it to be valid." Leon, 468 U.S. at 923.

In the present case, Defendant cites the third exception to Leon as grounds for granting his motion to suppress. He argues the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. This argument is without merit.

On September 4th, 2009, Fort Smith Police Department Detective Vongphachanh presented Sebastian County Circuit Judge Steve Tabor with an affidavit the detective believed contained enough information to establish probable cause. Judge Tabor found sufficient probable cause existed and approved the search warrant. In reliance upon Judge Tabor's judicial approval, law enforcement officers thereafter searched Wilson's residence and retrieved the evidence in question.

According to Leon, application of the good faith exception is "particularly true . . . when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." Leon, 468 U.S. at 920. When issuing a search warrant, a judge is only required to answer the "common sense, practical question whether there is probable cause to believe that contraband is located in a particular place." *See* United States v. McArthur, 573, F.3d 608, 613 (8th Cir. 2009). Courts give "great deference to the decision of the judicial officer who issued the warrant." United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995). Accordingly, Defendant cannot say the affidavit in support of the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

*Conclusion*

The government submits the search warrant was supported by probable cause. In the event this Honorable Court finds insufficient probable cause existed to issue the search warrant, the motion to suppress should be denied because the <u>Leon</u> good faith exception applies.

The United States requests Defendant's Motion to Suppress be denied.

                                        Respectfully submitted,

                                        DEBORAH GROOM
                                        UNITED STATES ATTORNEY

By:    */s/ Kyra E. Jenner*
            Kyra E. Jenner
            Assistant U. S. Attorney
            Arkansas Bar No. 2000041
            P. O. Box 1524
            Fort Smith, AR 72902
            Telephone: 479-783-5125

**CERTIFICATE OF SERVICE**

I, Kyra E. Jenner, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on June 24, 2010, with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Jack Schisler
Assistant Federal Public Defender

                                        */s/ Kyra E. Jenner*
                                        Kyra E. Jenner
                                        Assistant U.S. Attorney