IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL -9 2010
CHRIS R. JOHNSON, CLERK
BY
          DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:09CR20063-001 |
| v. ) | |
| ) | |
| JAMES HENRY WILSON ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

**CONDITIONAL PLEA OF GUILTY TO COUNTS THREE, FOUR AND FIVE AND DISMISSAL OF COUNTS ONE, TWO AND SIX**

1.   The defendant, JAMES HENRY WILSON, agrees to enter a conditional plea of guilty to Counts Three, Four and Five of the Indictment returned by the Grand Jury on November 4, 2009. Count Three charges Defendant with producing child pornography using a minor in his custody and control, a violation of 18 U.S.C. § 2251(b); Count Four charges Defendant with knowingly transporting a female in interstate commerce with intent the female engage in criminal sexual activity; a violation of 18 U.S.C. § 2421; and Count Five charges Defendant with using a means of interstate commerce to transfer obscene images to a person under the age of 16, a violation of 18 U.S.C. § 1470. If the court accepts this conditional plea agreement, once the court has pronounced sentence, the government will move to dismiss Counts One, Two and Six of the Indictment. The government will recommend and so move that the

defendant receive an adjustment for acceptance of responsibility, so long as the defendant demonstrates conduct consistent with his acceptance of responsibility.

## STIPULATION OF FACTS BY DEFENDANT

2.  Defendant stipulates and agrees that the government could prove the following facts beyond a reasonable doubt to a jury if it proceeded to trial:

### Factual Basis for Count Three

3.  Between July 1, 2009, and on or about August 29, 2009, Defendant had custody and control of a 14-year-old male, identified in the Redacted Indictment as John Doe #2. While exercising his custody and control of John Doe #2, Defendant knowingly permitted John Doe #2 to engage in sexually explicit conduct, as that term is defined in Title 18, United States Code, Section 2256, for the purpose of producing a video of John Doe #2 engaged in sexual activities with another person. Defendant produced the video of John Doe #2 engaged in sexually explicit conduct at a residence in Sebastian County, which is in the Western District of Arkansas, Fort Smith Division. Defendant used an LG brand cell phone manufactured outside the United States to produce the video of John Doe #2 engaged in sexually explicit conduct. The LG cell phone used by Defendant to produce this illegal video had moved in foreign and interstate commerce from its place of manufacture outside the United States to the Western District of Arkansas.

### Factual Basis for Count Four

4.  Defendant, a resident of Sebastian County in the Western District of Arkansas, Fort Smith Division, knowingly transported a 20-year-old female resident of Oklahoma, identified in the Redacted Indictment as Jane Doe #1, from her residence in Oklahoma to his residence in the Western District of Arkansas between June 1, 2009 and August 29, 2009, for the purpose of Jane Doe #1 engaging in sexual intercourse and deviate sexual activity with a 14-

year-old male. Jane Doe's sexual intercourse and deviate sexual activity, as those terms are defined in Arkansas Code Annotated 5-14-101 (1) and (10), with the 14-year-old male is a violation of Arkansas Code Annotated 5-14-127, Sexual Assault in the Fourth Degree, a class D felony. Arkansas Code Annotated 5-14-127 makes it a crime for a person 20 years of age or older to engage in sexual intercourse or deviate sexual activity with another person who is less than 16 years old and not the person's spouse.

5. Federal Bureau of Investigation Special Agent Timmy K. Akins identified and located Jane Doe #1. He interviewed Jane Doe #1 on September 21, 2009. Jane Doe #1 told Special Agent Akins she first met Defendant in an internet chat room and later in person when he came to her home in Oklahoma to pick her up and drive her to his residence in Sebastian County in Arkansas during the summer of 2009. She provided Special Agent Akins with a gas receipt for August 29, 2009, and stated she paid for gas for Defendant's vehicle on August 29, 2009, the last time Defendant picked Jane Doe #1 up in Oklahoma and drove her to his home in Arkansas. Jane Doe#1 identified herself as the female seen engaging in sexual activities with John Doe #2, a minor male, in a video that Defendant took of Jane Doe #1 and John Doe #2 in the summer of 2009. (This video is the offense charged in Count Three).

6. Defendant's transportation of Jane Doe #1 from Oklahoma to Arkansas involved transporting Jane Doe #1 in interstate commerce to the Western District of Arkansas.

### Factual Basis for Count Five

7. Between on or about June 1, 2009, and on or about September 4, 2009, Defendant used his LG cell phone, a facility and means of interstate commerce, to transmit an image of an erect penis to a Jane Doe #2, a female Defendant was well acquainted with and knew to be 14-years-old at the time Defendant sent the image to her via his cell phone. Defendant was a

3

resident of the Western District of Arkansas when he sent the image to Jane Doe #2, also a resident of the Western District of Arkansas. Defendant's use of his cell phone to transmit this image involved the use of interstate communication facilities and resulted in transferring the image to Jane Doe #2 in interstate commerce. If a jury were to view the image sent by Defendant to Jane Doe #2, the jury could conclude the image was obscene material.

8.  Jane Doe #2 told her mother she received this image from Defendant and the mother notified the Fort Smith Police Department. On September 4, 2009, the Fort Smith Police Department sent investigators to Defendant's home, where they located Defendant's LG cell phone. Defendant permitted his cell phone to be accessed by law enforcement officers. An image corresponding to the image Jane Doe #2 reported she received from Defendant was found on Defendant's cell phone.

## CONDITIONAL PLEA

9.  The parties agree that the defendant's entry of a conditional plea of guilty to Counts Three, Four and Five of the Indictment is made pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure. The defendant has filed a Motion to Suppress and Brief in Support (Doc. 30) that is pending before this Court and will be heard July 7, 2010, by Chief United States Magistrate Judge James Marschewski. In the event the Magistrate's Report and Recommendation ("R & R") is issued denying Defendant's Motion to Suppress and that R & R is adopted by the district court, Defendant preserves his right to appeal the denial of his Motion to Suppress. If the defendant prevails on appeal, he shall be allowed to withdraw his guilty plea.

## ADVICE OF RIGHTS

10. The Defendant hereby acknowledges that he has been advised of his

constitutional and statutory rights. Further, the Defendant agrees that he fully understands his right:

a. to have an attorney and if he can not afford an attorney, to have one provided to him and paid for at government expense;

b. to persist in his plea of not guilty;

c. to have a speedy and public trial by jury;

d. to be presumed innocent until proven guilty beyond a reasonable doubt;

e. to confront and examine witnesses who testify against him;

f. to call witnesses on his behalf;

g. to choose to testify or not testify and that no one could force him to testify;

h. to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

11. The Defendant hereby acknowledges that he understands with respect to Counts Three, Four and Five of the Indictment to which he enters a conditional plea of guilty, he thereby WAIVES all of the rights listed as (b) through (h) of the previous paragraph.

## WAIVER OF ACCESS TO RECORDS

12. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

13. The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF
## THIS AGREEMENT BY DEFENDANT

14. By signing this agreement, the Defendant acknowledges that he has been advised of his rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If the defendant should breach any provision of this conditional plea agreement, then he hereby agrees that said breach operates as a WAIVER of his rights under Rule 11(f) and Rule 410. Upon defendant's breach of any provision of this conditional plea agreement, the government shall be allowed to use and to introduce into evidence any one or more of the following:

   a. admissions against interest, both oral and written, made by the defendant to any person;

   b. statements made by the defendant during his change of plea hearing;

   c. the factual basis used at the change of plea hearing;

   d. any testimony given under oath to a grand jury or a petit jury;

   e. any and all physical evidence of any kind which the defendant has provided to the government; and,

   f. any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

15. If the defendant is found to be in breach of this conditional plea agreement, it is further agreed that the government may reinstate the dismissed charges, pursue additional

6

charges and shall be released from any and all restrictions or obligations placed upon it under the terms of this agreement.

## MAXIMUM PENALTIES

16. The defendant hereby acknowledges that he has been advised of the maximum penalties for Counts Three, Four and Five of the Indictment to which he is entering a conditional plea of guilty.

17. **By entering a conditional plea of guilty to Count Three** - 18 U.S.C. § 2251(b) **and (e)** -- production of a sexually explicit image of a minor by a person having custody and control of the minor, using materials that have been transported in interstate commerce. Due to defendant's convictions for two prior sexual offenses in the state of Arkansas in which a minor was the victim, <u>State of Arkansas v. James Henry Wilson, Jr.</u>, Case No. CR-92-810, Circuit Court of Sebastian County, Arkansas -- (Sexual Abuse in the First Degree, a Class C Felony); and <u>State of Arkansas v. James Henry Wilson, Jr.</u>, Case No. CR-99-80, Circuit Court of Franklin County, Arkansas -- (Sexual Solicitation of a Child, a Class D Felony), the defendant agrees he faces:

  a. **a term of life imprisonment, pursuant 18 U.S.C. § 3559(e);**

  b. a minimum term of imprisonment of 35 years, pursuant to 18 U.S.C. § 2251(e);

  b. a maximum fine of $250,000.00;

  c. both imprisonment and fine;

  d. **a term of supervised release of any term of years not less than five, or life,** which begins after release from prison in the event Defendant were to be released from imprisonment;

  e. a possibility of going back to prison if conditions of supervised release are violated; and

7

f.     a special assessment of $100.00.

   18.    **By entering a conditional plea of guilty to Count Four** - 18 U.S.C. § 2421 -- transportation of a female in interstate and foreign commerce with intent that person engage in criminal sexual activity, the defendant agrees that he faces:

       a.     a maximum term of imprisonment of 10 years;

       b.     a maximum fine of $250,000.00;

       c.     both imprisonment and fine;

       d.     **supervised release of any term of years not less than five, or life,** which begins after release from prison;

       e.     a possibility of going back to prison if conditions of supervised release are violated; and

       g.     a special assessment of $100.00.

   16.    **By entering a conditional plea of guilty to Count Five** - 18 U.S.C. § 1470 -- transfer of obscene material in interstate commerce to a minor, the defendant agrees that he faces:

       a.     a maximum term of imprisonment of 10 years;

       b.     a maximum fine of $250,000.00;

       c.     both imprisonment and fine;

       d.     **supervised release of any term of years for not less than five, or life,** which begins after release from prison;

       e.     a possibility of going back to prison if conditions of supervised release are violated; and

       f.     a special assessment of $100.00.

## NO OTHER CHARGES

20. The government agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the defendant in the Western District of Arkansas.

## MANDATORY LIFE SENTENCE

21. The penalty for Count Three is a mandatory sentence to life imprisonment, pursuant to 18 U.S.C. § 3559(e). The defendant acknowledges that he was advised on the record on June 11, 2010 by Chief United States Magistrate Judge James Marschewski regarding the mandatory life sentence to be imposed pursuant to 18 U.S.C. § 3559(e). The defendant agrees he does not have the right to withdraw his plea of guilty if a sentence of life imprisonment is imposed on him.

22. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Guidelines in determining the sentence on Counts Four and Five, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within the statutory range of punishment on Counts Four and Five.

## RELEVANT CONDUCT CONSIDERED

23. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement.

## PERJURY

24. In the event that it is determined that the defendant has not been truthful with the

## NO OTHER CHARGES

20. The government agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the defendant in the Western District of Arkansas.

## MANDATORY LIFE SENTENCE

21. The penalty for Count Three is a mandatory sentence to life imprisonment, pursuant to 18 U.S.C. § 3559(e). The defendant acknowledges that he was advised on the record on June 11, 2010 by Chief United States Magistrate Judge James Marschewski regarding the mandatory life sentence to be imposed pursuant to 18 U.S.C. § 3559(e). The defendant agrees he does not have the right to withdraw his plea of guilty if a sentence of life imprisonment is imposed on him.

22. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Guidelines in determining the sentence on Counts Four and Five, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within the statutory range of punishment on Counts Four and Five.

## RELEVANT CONDUCT CONSIDERED

23. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement.

## PERJURY

24. In the event that it is determined that the defendant has not been truthful with the

court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## GOVERNMENT'S RESERVATION OF RIGHTS

25. Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

    a. make all facts known to the probation office and to the court;

    b. call witnesses and introduce evidence in support of the Presentence Report;

    c. contest and appeal any finding of fact or application of the Sentencing Guidelines;

    d. contest and appeal any departure from the appropriate Guideline range;

    e. defend the rulings of the District Court on appeal, even those for factors on which the government has agreed to make no recommendations, not to object, and/or to make recommendations.

## RIGHT TO WITHDRAW THE GUILTY PLEA

26. Should the Court reject the defendant's requests or recommendations for certain findings of fact or applications of the Guidelines at sentencing, the defendant acknowledges that there is no right to withdraw his guilty plea. However, as this is a conditional plea, should the defendant prevail on appeal on his Motion to Suppress filed June 14, 2010, the defendant may withdraw his plea of guilty and proceed under a plea of not guilty.

## AGREEMENT NOT BINDING ON THE COURT

27. The parties agree that nothing in this agreement binds the district court to:

    a. make any specific finding of fact;

    b. make any particular application of the Sentencing Guidelines;

      c.      hand down any specific sentence;

      d.      accept this plea agreement.

28.     The government and the defendant acknowledge that the court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

### AGREEMENT DOES NOT BIND ANY OTHER ENTITY

29.     The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

### SPECIAL ASSESSMENT

30.     The defendant agrees to pay $300.00 as the total special assessment in this case.

### REPRESENTATIONS BY DEFENDANT AND DEFENSE COUNSEL

31.     The defendant and his attorney state hereby that neither one of them has been subjected to any threats or coercion which have induced the defendant to change his plea to guilty. Further, the defendant and his attorney acknowledge that the defendant's desire to change his plea to guilty is not the result of threats or coercion directed at anyone connected with them.

32.     By signing this plea agreement, counsel for the defendant acknowledges that:

      a.      he has read this plea agreement;

      b.      he has given a copy of it to the defendant;

      c.      he has explained the ramifications of the plea agreement to the defendant;

      d.      he believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

### PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

33.     The defendant and his attorney both acknowledge that this conditional plea

agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty.

Dated this 29 day of June, 2010.

_____
JAMES HENRY WILSON
Defendant

DEBORAH GROOM
UNITED STATES ATTORNEY

_____
JACK SCHISLER
Assistant Federal Public Defender

By: _____
KYRA E. JENNER
Assistant United States Attorney